IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3126-F

| | |
|---|---|
| CLIFFORD J. SCHUETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DIR. CHARLES SAMUELS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On May 26, 2012, at the earliest, Clifford J. Schuett ("Schuett" or "plaintiff"), a federal inmate currently incarcerated at the federal correctional institution in Butner, North Carolina, filed this *pro se* action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against defendants Director Charles Samuels, Warden Sarah Revell, and Warden Dunbar [D.E. # 1]. Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [D.E. # 2, 13]. The matter is before the court for frivolity review pursuant to § 1915(e)(2)(B), as well as on numerous motions filed by plaintiff since the filing of his complaint.[1]

---

[1] In addition to several letters or other items of correspondence concerning his case, see D.E. # 6, 14, 25, 26, plaintiff has thus far filed the following fifteen documents which he styles as "motions:" "Petition and Motion that the Court Order that the Plaintiff have the Use of a Typewriter or Word Processor in his Cell" [D.E. # 7, filed June 11, 2012]; "Petition and Motion for a Court Order Against the Defendants Retaliating Against the Plaintiff by Placing Plaintiff's Life in Danger" [D.E. # 8, filed June 12, 2012]; "Petition and Motion for the Plaintiff's Medical Records and Central File, and Defendant's Log Books" [D.E. # 9, filed June 11, 2012]; "Petition and Motion for a Court Hearing on the Plaintiff's Current Injuries, Sustained at the Negligence of the Defendants" [D.E. # 11, filed July 2, 2012]; "Petition and Motion for a Summary Judgment" [D.E. # 15, filed Aug. 2, 2012]; "Petition and Motion for Appointment of Counsel" [D.E. # 16, filed Aug. 7, 2012]; "Petition (continued...)

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson,

---

¹(...continued)
and Motion for Immediate Court Order Moving the Plaintiff to Another Facility or into the Custody of the U.S. Marshal's Service" [D.E. # 17, filed Aug. 7, 2012]; "Petition and Motion for a Court Order, Ordering the Defendants to Provide the Plaintiff with Needed Medical Devices" [D.E. # 18, filed Aug. 14, 2012]; "Petition and Motion for a Order Ordering the Defendants not to Tamper or Delay Plaintiff's Administrative Remedies" [D.E. # 19, filed Aug. 14, 2012]; "Petition for a Preliminary Injunction and Temporary Restraining Order" [D.E. # 20, filed Aug. 21, 2012]; "Petition and Motion for a Order to Allow the Plaintiff to be Examined by a Physician (Doctor Medical) not Employed by the Defendants" [D.E. # 21, filed Aug. 21, 2012]; "Petition and Motion for a Order that the Defendants Provide Complete Copies of the Plaintiff's Medical Records From (1986-Present)" [D.E. # 22, filed Aug. 20, 2012]; "Petition and Motion for a Order to Remove the Plaintiff from the Federal Correctional Inst. To Another Facility Within the Court's Jurisdiction" [D.E. # 23, filed Aug. 27, 2012]; "Petition and Motion of a Court Order Placing the Plaintiff in the Custody of the U.S. Marshal Service" [D.E. # 24, filed Sept. 24, 2012]; and "Motion for the Calendaring of the Plaintiff's Motions on the Court's Docket" [D.E. # 27, filed Oct. 15, 2012]. Plaintiff's voluminous filings in this case are no aberration; a records check on the federal courts' national court filings database indicates that plaintiff has filed at least fifty-five (55) separate federal court lawsuits since 1980.

521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff, who describes himself as a wheelchair-bound paraplegic, accuses defendants of causing injuries he sustained due to their alleged failures to house him in a cell with specific handicap accommodations and to remove from his cell a second bed which he was required to move in order to use the cell's toilet fixture. Compl. 3-5. He claims that "[t]he Defendants placed the Plaintiff's life in danger twice through negligence." Id. at 5. Plaintiff asserts that defendant Samuels, as the asserted Director of the Bureau of Prisons, "is responsible for to [sic] the plaintiff's injuries in the capacity of his office. (Mr. Samuels) is in charge of the two other defendants (respondant [sic] superior)." Id. Plaintiff further argues that defendant Revell "is in charge of the Fed. Medical Center, and is responsible for the care of the plaintiff and the [illegible] actions[,]" and that defendant Dunbar "was responsible for the plaintiff's welfare at the F.C.I.-1-Butner." Id. Plaintiff seeks "Five Million Dollars for damages, punitive and compensatory for causing injury and placing the plaintiff's life in danger through negligence." Id. at 4.

There appear to be numerous potential defects with plaintiff's complaint. However, as a preliminary matter, the court is concerned that plaintiff has not exhausted his administrative remedies with respect to his claims, or that he failed to do so before filing his complaint. The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v.

Ngo, 548 U.S. 81, 84 (2006) (noting that exhaustion under the PLRA is mandatory); Porter v. Nussle, 534 U.S. 516, 524 (2002) (holding that exhaustion requirement applies to prisoners suing under Bivens). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

The Federal Bureau of Prisons ("BOP") provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15. If an inmate's submission is rejected, then the Administrative Remedy Coordinator shall provide written notice explaining the reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the inmate to correct the defect. See 28 C.F.R. § 542.17. See also Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (unpublished decision).

The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 675 (4th Cir.2005). Rather, a defendant must plead and prove the failure to exhaust. See id.

at 676. Nonetheless,

> that exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Id. at 683; see also Green v. Rubenstein, 644 F.Supp.2d 723, 741-42 (S.D.W.Va.2009).

Plaintiff concedes on the face of his complaint that he did not "present the facts relating to [his] complaint to the . . . inmate grievance procedure." Compl. 1. As justification for his failure to exhaust, plaintiff asserts that his cause of action arose at "Federal Corr. Institution," but that he was subsequently housed at "Fed. Medical Center" and therefore does not believe he has available administrative remedies. Id. at 2. Of course, this justification, to the extent it is even intelligible, is invalid. Both facilities described by plaintiff are part of the federal correctional complex at Butner, and plaintiff's mere movement between facilities will not excuse a failure to exhaust his remedies for claims arising at either facility. Elsewhere in the complaint, plaintiff appears to contradict his own statement that he did not present any administrative grievances by asserting that "while the plaintiff has been housed at the F.M.C. the plaintiff has tried to use the grievance system. The defendants refused answers the plaintiff's grievances." Id. at 5. Plaintiff offers no explanation for this apparent discrepancy in his descriptions of his exhaustion efforts.

While the court may dismiss a complaint where it is apparent from the face of the complaint that the inmate did not exhaust his remedies, cases where such action is appropriate are "rare." Anderson, 407 F.3d at 682-83. Thus, courts are required to "exercise caution" when considering whether to dismiss a complaint in such circumstances, because "[t]o determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and

5

thus likely would require information from the defendant as well as the inmate." Id. at 683 n.5. Although this case appears to be one of the "rare" cases described in Anderson, given the complaint's ambiguity regarding whether plaintiff attempted to exhaust his remedies, the court finds it appropriate, prior to any dismissal for failure to exhaust, to afford plaintiff the opportunity to clarify whether he fully exhausted his claims, whether he attempted to exhaust but his efforts were thwarted through no fault of his own, or to better describe his rationale for any active decision not to exhaust his claims. If plaintiff claims that he did exhaust his claims, or that he attempted but was unable to do so, he shall submit to the court copies of all grievance forms submitted by him at each stage of the administrative remedy procedure described in this order, as well as all responses he received during each stage of the administrative process.

With respect to the many motions described previously in this order, the court finds that the motions are either irrelevant to the claims before the court, request the sort of relief which this court is incapable of granting, or are without merit. Moreover, the motions are premature, as the court has not yet cleared plaintiff's claims through the court's required frivolity review pursuant to § 1915(e)(2)(B) or, as set forth in this order, satisfied itself that it may exercise jurisdiction given plaintiff's own representation that he did not exhaust his claims prior to filing this suit. Accordingly, the court will deny plaintiff's motions at this time, without prejudice to his renewing the motions upon the court's preliminary determination that this matter is properly before the court pursuant to 42 U.S.C. § 1997e(a), and that plaintiff's claims are not subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is ORDERED that plaintiff is DIRECTED to file a response, including supporting documentation, to this order in which he confirms whether or not he sought to exhaust

his remedies with respect to the claims enumerated in his complaint as well as the reasons, if any, for any failure to exhaust. Plaintiff's response is due twenty-one days from the date of ths order. If plaintiff fails to timely respond to this order, his complaint will be dismissed for failure to prosecute and abandonment of claims.

It is further ORDERED that, for the reasons stated above, plaintiff's currently pending motions are DENIED, without prejudice, at this time. These motions, which are described more fully at note 1, *supra*, are found at docket entry numbers 7-9, 11, 15-24, and 27. Plaintiff may renew these motions in the event that the court determines that the complaint is properly before the court pursuant to 42 U.S.C. § 1997e(a), and that plaintiff's claims are not subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED. This the 23rd day of October, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge